## Doyle *v.* Chester Traction Company, Appellant.

*Negligence—Street railways—"Stop, look and listen."*

In an action by a woman against a street railway company to recover damages for personal injuries, plaintiff testified that she stopped three times when within forty feet of the track, and looked and listened for a car; that the last stop was made when she was close to the track; and that when on the track she first saw the car which struck her; that the car was suddenly lighted and was 125 feet from her. She testified that she stopped the fourth time when she was between the rails. The inference from her whole testimony was that the last stop was made when she first saw the light and in her effort to get out of danger by going back. *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Feb. 6, 1906. Appeal, No. 368, Jan. T., 1905, by defendant, from judgment of C. P. Del. Co., June T., 1904, No. 280, on verdict for plaintiff in case of Thomas Doyle and Fannie Doyle, his wife, v. Chester Traction Company. Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff Thomas Doyle for $568.89 and for Fannie Doyle for $3,371.12. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*W. B. Broomall,* for appellant, cited: Carroll v. Penna. R. R. Co., 12 W. N. C. 348.

*William C. Alexander,* for appellees, cited: Bard v. Ry. Co., 199 Pa. 94; Cromley v. R. R. Co., 208 Pa. 445; Muckinhaupt v. Erie R. R. Co., 196 Pa. 213; Confer v. Penna. R. R. Co., 209 Pa. 425; Kuntz v. N. Y. C. & St. L. R. R. Co., 206 Pa. 162; Link v. P. & R. R. R. Co., 165 Pa. 75; Beach v. Penna. R. R. Co., 212 Pa. 567.

OPINION BY MR. JUSTICE FELL, March 12, 1906:

The negligence alleged is that the defendant's car was run at a high rate of speed on a public highway on a dark night without lights and without giving any signal of its approach. The plaintiff's testimony in support of her action is vague and unsatisfactory and her account of the occurrence was met by countervailing proof of much more clearness and force. The case could not, however, have been withdrawn from the jury unless the rule that a person struck by a moving car, which was plainly visible when he was in a place of safety, must be conclusively presumed to have gone into an obvious danger, is to be applied to it. But the rule stated in Carroll v. Penna. Railroad Co., 12 W. N. C. 346, and Myers v. B. & O. Railroad Co., 150 Pa. 386, and since followed in a long line of decisions, is from its nature applicable only to clear cases when there is no reasonable doubt as to the facts or as to the inferences to be drawn from them: McNeal v. Pittsburg, etc., Railway Co., 131 Pa. 184; Cromley v. Penna. Railroad Co., 208 Pa. 445.

The plaintiff testified that she stopped three times when within forty feet of the track and looked and listened for the car; that the last stop was made when she was close to the track; and that when on the track she first saw the car which was suddenly lighted and was 125 feet from her. She said she stopped the fourth time when she was between the rails, but the fair inference from her whole testimony is that this stop was made when she first saw the light and in her effort to get out of danger by going back. The stops before she reached the track indicate the exercise of care and are opposed to the idea of negligence: Ely v. Pittsburg, etc., Railroad Co., 158 Pa. 233. The stop when between the rails, if imprudent, was

made when she was in a position of danger through no fault of her own, and she was not held to the exercise of the best judgment to extricate herself: Stover v. Penna. Railroad Co., 195 Pa. 616.

The judgment is affirmed.