## Corrigan *v.* Pennsylvania Company, Appellant.

*Negligence—Railroads—Crossing—"Stop, look and listen"—Death.*

In an action against a railroad company for death, it appeared that the deceased was killed while seated in a wagon at the rear end of the vehicle. The accident occurred after dark. The driver of the wagon stopped and waited several minutes near the tracks where it was usual for drivers to stop, look and listen for a train. The deceased got on the wagon after it had started, and sat with the driver. The horses were struck on the first of the defendants' three tracks by an engine running south very rapidly. Plaintiff's witnesses testified that no notice was given by bell or whistle. The crossing was a very dangerous one. After leaving the usual stopping place there were seven tracks of the road of another company to cross; then there was an open space of thirty-six feet with a down grade of three feet to the tracks of the defendant's road. Until the open space was reached, the view to the south was cut off by a high board fence, and on the night of the accident cars were standing on the tracks of the other company and obscured a view to the north. In the open space there was a view of the tracks north for 1,500 feet, but there were switch lights among the tracks that might confuse a person looking for the headlight of an engine. *Held*, that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued April 29, 1907. Appeal, No. 137, Jan. T., 1907, by defendant, from judgment of C. P. Erie Co., Sept. T., 1905, No. 128, on verdict for plaintiff in case of Medora Corrigan v. Pennsylvania Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before WALLING, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in submitting the case to the jury.

*J. Ross Thompson & Son,* for appellant, cited : Penna. R. R. Co. v. Beale, 73 Pa. 504; Gray v. Penna. Railroad Co., 172 Pa. 383; Kinter v. Penna. R. R. Co., 204 Pa. 497; Blotz v. Lehigh Valley Railroad Co., 212 Pa. 154.

*John B. Brooks*, with him *Monroe J. Echols* and *Paul A. Benson*, for appellee, cited: Penna. R. R. Co. v. Ogier, 35 Pa. 60; Weiss v. Penna. R. R. Co., 79 Pa. 387; Penna. R. R. Co. v. Weber, 76 Pa. 157; Hanna v. Philadelphia & Reading Ry. Co., 213 Pa. 157; Carr v. City of Easton, 142 Pa. 139; Carlisle Borough v. Brisbane, 113 Pa. 544; Masterson v. N. Y. Cent. & Hudson River R. R. Co., 84 N. Y. 247; McNeal v. Pittsburg & Western Railway Company, 131 Pa. 184; Ellis v. Lake Shore, etc., Railroad Co., 138 Pa. 506; Whitman v. Pennsylvania Railroad Co., 156 Pa. 175; Smith v. Baltimore & Ohio Railroad Co., 158 Pa. 82; Link v. Philadelphia & Reading Railroad Co., 165 Pa. 75; Davidson v. Railway Company, 171 Pa. 522; s. c. 179 Pa. 227; Armstrong v. Consolidated Traction Co., 216 Pa. 595.

OPINION BY MR. JUSTICE FELL, May 20, 1907:

The plaintiff's husband was killed at a street crossing of the tracks of the Erie & Pittsburg Railroad Company in South Sharon. He was employed by a steel company and about seven o'clock in the evening, in the latter part of December, he asked another employee who was driving a heavy draught team to wait for him in order that he might ride to his home. The driver waited several minutes at a place near the tracks where it was usual for drivers to stop, look and listen for trains. When he saw the deceased approaching, he called to him "Hurry up" and started his team on a walk. The box of the wagon was fourteen feet long and the seat was placed over the hind axle. The deceased got on the wagon while it was in motion and sat by the driver. The horses were struck on the first of the defendant's three tracks by the engine of a passenger train running south very rapidly, of the approach of which, according to the plaintiff's witnesses, no notice was given by bell or whistle.

The crossing was a very dangerous one. After leaving the usual stopping place there were seven tracks of the road of another company to cross; then there was an open space of thirty-six feet with a down grade of three feet to the tracks of the defendant's road. Until the open space was reached, the view to the south was cut off by a high board fence, and on the night of the accident cars were standing on the tracks of the

other company and obscured a view to the north.   In the open space there was a view of the tracks north for 1,500 feet, but there were switch lights among the tracks that might confuse a person looking for the headlight of an engine.   The crossings of the two roads were so close together with no safe stopping place between them that in point of danger they might be regarded as a single crossing and the accident as happening on the eighth track.

Under the testimony the court would not have been justified in holding as matter of law that the deceased was negligent. It has been frequently said that the rule that one who goes in front of a moving train which he saw or by the exercise of reasonable care would have seen will be adjudged negligent, is applicable only to clear cases.   Where there is uncertainty as to the facts or the inferences to be drawn from them, the case is for the jury :  Doyle v. Chester Traction Company, 214 Pa. 382.   The presumption that the deceased stopped, looked and listened before he got on the wagon and that he continued to look until the collision occurred is not rebutted by anything disclosed at the trial.   The danger may have been first apparent when it was too late to avoid it.   The speed of the train was such that the headlight could not have been seen more than from fifteen to thirty seconds before the collision. The deceased was seated so far back in the wagon that the horses were within a few feet of the rail when he had a view of the tracks.   He would naturally first have looked south since he was on that side of the wagon and in afterwards looking north he may have mistaken the headlight for a switch light.   At most he had but a few seconds in which to act after he became conscious of the danger.

The judgment is affirmed.