# Kaselicska *v.* Pittsburg Railways Company, Appellant.

*Negligence—" Stop, look and listen"—Street railways.*

In an action against a street railway company to recover damages for personal injuries by being struck by a car at a crossing, the case is for the jury where there is testimony that the street was dark, that the curtains of the car were down, that there was no headlight, that the car could not be seen at the point where it was the plaintiff's duty to look, and that it could not be heard because of the noise of trains and mills in the immediate vicinity; and this is the case, although the weight of the testimony was that the plaintiff stepped in front of a moving car which he saw or could have seen by the exercise of reasonable care.

Argued Nov. 1, 1907. Appeal, No. 104, Oct. T., 1907, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1903, No. 485, on verdict for plaintiff in case of John Kaselicska v. Pittsburg Railways Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

## 44  KASELICSKA *v.* PITTSBURG RYS. CO., Appellant.

Trespass to recover damages for personal injuries.   Before MACFARLANE, J.

Verdict and judgment for plaintiff for $5,347.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Clarence Burleigh*, with him *James C. Gray* and *William A. Challener*, for appellant.

*Rody P. Marshall*, with him *Thomas M. Marshall, J. D. Hern* and *W. H. Leahy*, for appellee.

PER CURIAM, January 6, 1908:

On the decisive question in this case the weight of the testimony was undoubtedly with the defendant and the more reasonable conclusion from a fair consideration of it is that the plaintiff stepped in front of a moving car which he saw or could have seen by the exercise of the reasonable care which the law exacts of one about to cross the tracks of a street railway.   But there was testimony that the street was dark and that the curtains of the car were down; that there was no headlight and the car could not be seen at the point where it was the plaintiff's duty to look, and that it could not be heard because of the noise of trains and mills in the immediate vicinity. This testimony carried the case to the jury.   The rule stated in Carroll v. Penna. Railroad Co., 12 W. N. C. 348, is from its nature applicable only to clear cases where there is no reasonable doubt of the facts or the inferences to be drawn from them: Doyle v. Traction Co., 214 Pa. 382.

The judgment is affirmed.