# Vincent *v.* Lehigh Valley Transit Company, Appellant.

*Negligence—Street railways—Side-on collision between car and wagon—
"Stop, look and listen"—Evidence—Presumption—Case for jury.*

In an action against an electric railway company to recover damages for the death of plaintiff's husband in a collision between a car and wagon the case is for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence for the plaintiff tends to show that defendant's tracks were on a public road within eight or ten feet of the deceased's property line; that at the time of the accident the deceased drove in a large covered wagon out of a lane leading from his premises at right angles with a public road; that between the house and the end of the lane there was no point where an unobstructed view of a car approaching from the south could be had; that at the end of the lane the difficulty in seeing was increased by the deflection of the track towards the side of the road, and by drooping branches of trees so that a car could not be seen at a greater distance than 100 or 150 feet; that until the middle of the space between the fence and the track was reached no extended view could be had by a driver; that no signal was given, and that no witnesses actually saw the accident.

In such a case it is for the jury to determine whether the motorman or the deceased failed in the performance of a duty to which the circumstances gave rise.

Argued Feb. 4, 1908. Appeal, No. 341, Jan. T., 1907, by defendant, from judgment of C. P. Montgomery Co., Dec. T., 1906, No. 85, on verdict for plaintiff in case of Julia Frances Vincent *v.* Lehigh Valley Transit Company. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before WEAND, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $6,650. Defendant appealed.

*Error assigned* amongst others was in refusing binding instructions for defendant.

*N. H. Larzelere*, with him *Franklin L. Wright*, for appellant.—The motorman was not negligent as regards the speed of the car, as he was on a country road, and the lane was a private one not frequently used : Harman v. Traction Co., 200 Pa. 311 ; Houston Bros. Co. v. Traction Co., 28 Pa. Superior Ct. 374.

If the decisions governing right-angled crossings apply, the case should have ended fatally to appellee : Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180 ; Omslaer v. Pittsburg, etc., Traction Co., 168 Pa. 519 ; Burke v. Union Traction Co., 198 Pa. 497 ; Tyson v. Union Traction Co., 199 Pa. 264 ; Pieper v. Union Traction Co., 202 Pa. 100 ; Mease v. United Traction Co., 208 Pa. 434 ; March v. Traction Co., 209 Pa. 46 ; Timler v. Phila. Rapid Transit Co., 214 Pa. 475.

It was the duty of the deceased to look : Griffith v. West Chester St. Ry. Co., 214 Pa. 293 ; Burke v. Traction Co., 198 Pa. 497 ; Mease v. United Traction Co., 208 Pa. 434.

There can be no presumption of a fact which is negatived by all the evidence in the case : Goodman v. Sanger, 85 Pa. 37 ; Kinter v. Penna. R. R. Co., 204 Pa. 497 ; Hanna v. Phila. & Reading Ry. Co., 213 Pa. 157 ; Coppuck v. R. R. Co., 191 Pa. 172 ; Gangawer v. R. R. Co., 168 Pa. 265.

*Montgomery Evans*, with him *John M. Dettra* and *Henry M. Brownback*, for appellees.

OPINION BY MR. JUSTICE FELL, March 2, 1908 :

This action was to recover damages for the death of the plaintiff's husband who was killed in a collision between a car of the defendant company and a wagon in which he was riding. The track of the electric railway was laid at the side of the road nearest his dwelling house and within eight or ten feet of the fence of the front yard. A lane eighty feet in length extended from the dwelling to the road, into which it opened at right angles. At the end of the lane, south, in the direction from which the car came, there was a descending grade of the road for 300 feet to the foot of a hill 1,200 feet long with an elevation of twenty-nine feet. Between the lane and the foot of the hill the track was deflected slightly towards the road fence. At the end of the lane the view south was obstructed

by trees and bushes then in leaf, but to what extent was disputed at the trial. The deceased was riding out the lane in a large covered wagon, sitting in front with his feet out on the foot board. His horse had crossed the track and the wagon was struck at, or immediately behind, the front wheels.

None of the plaintiff's witnesses saw the accident. Her case rested on the presumption that her husband had exercised due care before driving on the track, and upon proof that the car was running at an unusual and very rapid speed and that no signal of its approach was given. The car was scheduled to run at this place at the rate of twenty-five or thirty miles an hour. Her witnesses testified that the car was behind time and was running faster than usual; and one of them, who claimed to be able to judge of the subject, fixed the speed at fifty miles an hour. No signal was given near the lane until the horse was on the track and the car was 100 or 150 feet from it. Whether a signal had been given at a public crossing, 1,500 feet south, was disputed. But the testimony as to the absence of any signal was more than merely negative. One of the witnesses, whose house was between the lane and the public crossing, was watching for the car and heard it coming but heard no gong or whistle.

The closest question at the trial was whether the case presented by the plaintiff was within the rule established by Carroll v. Penna. Railroad Co., 12 W. N. C. 348, and since followed in a long line of cases, that a person who goes in front of a moving car which he saw or could have seen by the exercise of the reasonable care which the law requires, and is instantly struck, will be conclusively presumed to have been negligent. Her testimony tended to show that between the house and the end of the lane there was no point where an unobstructed view of a car approaching from the south could be had; that at the end of the lane the difficulty in seeing was increased by the deflection of the track towards the side of the road, and that the view was so obstructed by the drooping branches of trees, especially of a large willow tree that overhung the track, that a car could not be seen at a greater distance than 100 or 150 feet; that until the middle of the narrow space of eight or ten feet between the fence and the track was reached, no extended view could be had by a driver.

His horse would then be on the track. The danger of the situation would be like that which results from a car suddenly emerging from a tunnel or coming around a curve in the road from a point where it had been hidden from view. This danger was known to the deceased and to the motorman, and it imposed duties on each. Whether either failed in the performance of a duty to which the circumstances gave rise was a question for the jury. The rule in Carroll v. Railroad Co., 12 W. N. C. 348, is applicable only in clear cases where there is no reasonable doubt as to the facts or the inferences to be drawn from them: McNeal v. Railroad Co., 131 Pa. 184; Doyle v. Chester Traction Co., 214 Pa. 382. Where there is uncertainty as to either, the case is necessarily for the jury.

The judgment is affirmed.