## Dugan, Appellant, *v.* Lyon.

*Negligence—Automobiles—Duty of pedestrians—"Stop, look and listen."*

1. The rule that a person must stop, look and listen before crossing the tracks of a railroad, does not apply to a pedestrian who is about to cross a street upon which automobiles are operated. Such machines have no prescribed course or direction or time of appearing, and are not to be distinguished from other conveyances in respect to the rights of persons lawfully using the streets. The measure of the duty of a pedestrian under such circumstances is ordinary and reasonable care.

2. Where there is doubt as to the inference to be drawn from the facts and the measure of duty is reasonable care, and the degree of that care varies with the circumstances, the question of negligence is for the jury.

3. In an action by a motorman against the owner of an automobile to recover damages for personal injuries, the question of defendant's negligence and the plaintiff's contributory negligence is for the jury, where the evidence tends to show that the plaintiff alighted from his car, and while it was not in motion looked up and down the street, then passed behind the car to cross to the other side of the street and was immediately struck on the leg by defendant's automobile which was being driven at a high rate of speed within a few inches of the side of the car, and in a narrow space between the car and the curb.

Argued Feb. 24, 1909. Appeal, No. 15. Feb. T., 1909, by

plaintiff, from judgment of C. P. Lycoming Co., Dec. T., 1906, No. 290, for defendant non obstante veredicto in case of P. H. Dugan v. Henrietta B. Lyon. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ, Reversed.

Trespass to recover damages for personal injuries. Before ORMEROD, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict for plaintiff for $669.90. The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* among other was in entering judgment for defendant non obstante veredicto.

*James B. Krause,* for appellant.—The plaintiff exercised due care under the circumstances: Thies v. Thomas, 77 N. Y. Supp. 276; Hennessey v. Taylor, 189 Mass. 583 (76 N. E. Repr. 224).

We invite this court's attention to the recent case of Vincent v. Lehigh Valley Transit Co., 220 Pa. 350, which we consider decisive of this case.

The precautions taken by plaintiff are opposed to the idea of negligence: Ely v. Ry. Co., 158 Pa. 233; Cohen v. R. R. Co., 211 Pa. 227.

*John J. Reardon,* for appellee.—Under the state of facts as testified to by appellant himself and his witnesses he was guilty of contributory negligence: Waters v. Wing, 59 Pa. 211; R. R. Co. v. Armstrong, 49 Pa. 186; Chilton v. Traction Co., 152 Pa. 425; Harris v. Ice Co., 153 Pa. 278; Hoffman v. Transit Co., 214 Pa. 87; Wiszginda v. Traction Co., 212 Pa. 360; Crooks v. Rys. Co., 216 Pa. 590; Henson v. Arthur, 217 Pa. 156; Callary v. Easton Transit Co., 185 Pa. 176; Sontgen v. Kittanning & Ford City Ry. Co., 213 Pa. 114; Yersack v. R. R. Co., 221 Pa, 493.

Defendant was not guilty of negligence: Goshorn v. Smith, 92 Pa. 435; Funk v. Traction Co., 175 Pa. 559.

OPINION BY HENDERSON, J., October 11, 1909:

The verdict of the jury charged the defendant with negligence and acquitted the plaintiff of contributory negligence. The learned judge, however, on the motion for a judgment non obstante veredicto reached the conclusion that contributory negligence of the plaintiff was shown and that the verdict could not be sustained. This result was apparently arrived at by applying the doctrine of Carroll v. Penna. R. R. Co., 12 W. N. C. 348; Urias v. R. R. Co., 152 Pa. 326; Crooks v. Pittsburg Rys. Co., 216 Pa. 590, and kindred cases which hold that where one drives or walks directly in front of an approaching car and is struck at the instant he sets his foot between the rails there is but one inference which can reasonably be drawn from the facts and that is the inference of contributory negligence. These authorities, however, are only applicable to the crossing of railroad tracks, where the duty of care is absolute because of known danger in the particular place. The track has a permanent location and the movement of cars is restricted thereto. The position of the track is usually known to the traveler as is also the fact that cars are likely to be moving rapidly on the rails. But it is not practicable to apply this doctrine to the use of automobiles on the public streets of a city. They have no prescribed course or direction or time of appearing and are not to be distinguished from other conveyances in respect to the rights of persons lawfully using the streets. Pedestrians and persons using vehicles of other types have equal rights with those who use self-propelling vehicles on the public streets. A reciprocal duty of care exists among them. The measure of this duty is ordinary and reasonable care according to the circumstances. In places where many pass or congregate a greater degree of care is required than where there are few travelers. Where there is doubt as to the inference to be drawn from the facts and the measure of duty is reasonable care and the degree of that care varies with the circumstances the question of negligence is one for the jury: Penna. R. R. Co. v. Peters, 116 Pa. 206; Gray v. R. R. Co., 172 Pa. 383; Haas v. Ry. Co., 202 Pa. 145; Cohen v. R. R. Co., 211 Pa. 227. The evidence brought up with the record we think brings this case within the

operation of the authorities cited. From it the jury might have
found the following facts: Two street cars were standing side by
side on parallel tracks on Fourth street. The location was a
place where passengers entered and alighted from the cars,
where the cars stopped for exchange of motormen and con-
ductors, where a car barn and office of the company were main-
tained and a part of the street where there was much travel.
The space between the south car and the curb was nine feet and
six inches. The plaintiff was the motorman of the car on the
north side of the street. After having brought some sand from
the property of the company to his car and deposited it in the
sand box he went back through the car to the rear end with the
empty sand bucket on his arm and passed behind the car just
south of his car which projected three or four feet further east.
After getting out of his car he looked up and down the street to
see whether any vehicles were passing and then crossing at the
rear end of the car stepped out with his right leg in the direction
of the south side of the street when he was struck by the de-
fendant's automobile. The defendant was running at from ten
to fifteen miles an hour and her automobile was about a foot
from the side of the car. The street was paved with asphalt
and no warning was given of the defendant's approach. The
car at the rear of which the plaintiff was passing was a large car
and interfered with the plaintiff's view westward until he had
passed far enough beyond the car to give him a view on the
street. The negligence imputed to the plaintiff was that he
neglected to observe the automobile, but this view of the case
fails to take into account the plaintiff's testimony that his view
was obstructed by the car and that he could not see the auto-
mobile until he stepped out as he did at the time he was struck.
His evidence is distinct on that point and consistent with gen-
eral knowledge as to the construction of such cars. He had
looked up the street before passing behind the car and it can-
not be said as a matter of law that it was his duty to peep along
the side of the car before taking a step further on the street.
By so doing a more serious injury might have been done to his
head than to his leg. The few inches left by the defendant be-
tween her car and the street car left no reasonable opportunity

for observation and the duty of the plaintiff under the circumstances was a question for the jury, not for the court. It can not be declared as a matter of law that the plaintiff was bound to anticipate that an automobile would be propelled at a rapid rate so close to the car that the exposure of a part of his body beyond the line of the side of the car would subject him to peril of life or limb. The very point is decided in Gray v. R. R. Co., supra. But even if the principle adopted by the trial judge applied, the case was for the jury. If the plaintiff had been about to cross a railroad track, having stopped and looked at a place where he had a view of the track, the question whether there was a better place and whether he ought to have made further observation before advancing was one for a jury: Ely v. Ry. Co., 158 Pa. 233; Vincent v. Lehigh Valley Transit Co., 220 Pa. 350. The plaintiff's act in looking up and down the street before passing behind the car to cross to the south side indicates the exercise of care and is inconsistent with the idea of that negligence which would preclude a recovery: Doyle v. Chester Traction Co., 214 Pa. 382. Moreover, the rule announced in Carroll v. R. R. Co., which has been followed in many later decisions, is only applicable to clear cases where there is no reasonable doubt in regard to the facts or the inferences to be drawn from them. Where the facts are in dispute or where the inferences from them are open to debate the case must go to the jury: McNeal v. Pittsburg, etc., Ry. Co., 131 Pa. 184; Cromley v. Penna. R. R. Co., 208 Pa. 445; Ely v. Ry. Co., supra.

That the evidence supports an inference of negligence on the part of the defendant we think cannot be successfully disputed. The space between the car and the curb was narrow. Employees of the street car company were in the immediate vicinity and one of them barely escaped from a collision with the automobile. The defendant, according to her own admission, recognized that "there might be a person step off the car" and she did not see the plaintiff until he was struck. She testified "I never saw the man until he was over the dashboard." That the automobile was moving rapidly and within a few inches of the side of the car is shown by the plaintiff's evidence. Taking into consideration the testimony as to the character of the place

where the accident occurred, the presence of persons liable to be injured, the width of the space through which the defendant was compelled to drive and the speed proved by the plaintiff's witnesses, it was for the jury to say whether the defendant exercised that degree of care which the circumstances required. The relative credibility of the evidence of the plaintiff and Dr. Lyon who was sent by the defendant to see the plaintiff was a subject for the consideration of the jury, not one for the court in entering judgment non obstante veredicto. Such a consideration might have influenced the trial judge in passing on a motion for a new trial, but as the case stood the credibility of the witnesses was determined by the jury.

The judgment is reversed and judgment is now entered against the defendant and in favor of the plaintiff on the verdict.