## Everitt *v.* Auchu, Appellant.

*Automobiles—Regulation of speed—Act of July 7, 1913, P. L. 672.*

A person who drives an automobile at the rate of fifty miles an hour on a public highway of the State violates the Act of July 7, 1913, P. L. 672.

*Negligence—Automobiles—Speed—Case for jury.*

In an automobile accident case where the evidence offered for the plaintiff tends to show that the defendant's automobile was run at an immoderate and excessive speed, and that the accident was due wholly to the carelessness of the defendant, and this evidence is directly contradicted by the defendant's witnesses, the case is for the jury, and if a verdict is rendered for the plaintiff and the court below refuses to grant a new trial, the appellate court will not reverse a judgment on the verdict for plaintiff.

Where a team is driven into a highway from a lane and is struck by an automobile the court cannot declare as a matter of law that it was negligence on the part of a driver of the team to drive into the highway from the lane, when at the time his horses were at the side of the road, the automobile was two hundred and fifty feet away.

One who uses an automobile on a public highway has no superior right to the use of the road over a pedestrian, or one who uses a vehicle drawn by a horse or other animal, and the fact that the

highway is much traveled does not alter the rights of the travelers, but merely calls for the exercise of greater care in proportion to increased risk.

*Practice, C. P.—Improper remarks of counsel—Withdrawal of juror.*

The appellate court will not reverse a judgment on a verdict because of the refusal of the trial judge to withdraw a juror on account of improper remarks of counsel, where it does not appear that any request was made to have the stenographer take down the objectionable remarks immediately after they were made, and there was no refusal of the court to permit them to be put on the record as the court understood them to have been made.

Argued March 13, 1917. Appeal, No. 15, March T., 1917, by defendant, from judgment of C. P. Union Co., Sept. T., 1915, No. 40, on verdict for plaintiff in case of John E. Everitt v. Henry Auchu. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries and injuries to a team of horses. Before JOHNSON, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $250. Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant, and in refusing to withdraw a juror and continue the case because of improper remarks of counsel.

*C. E. Sprout,* with him *John E. Cupp* and *D. L. Glover,* for appellant.

*Harold M. McClure,* with him *John A. Beard* and *Wm. H. Hackenberg,* for appellee.

OPINION BY HENDERSON, J., April 30, 1917:

The plaintiff's action arose out of the collision of the defendant's automobile with his team on a public highway leading from Lewisburg to Mifflinburg in Union County. The plaintiff was driving from his house along a lane to the road and his wagon was struck while he was in the act of attempting to get out of the way of the automobile. There was conflicting evidence as to the speed of the car. The evidence of the plaintiff would have permitted the jury to find it was running fifty miles an hour. The defendant's evidence was to the effect that it was moving slowly and was carefully controlled and that the plaintiff was negligent in the management of his team to which negligence his injury was attributable. If the defendant was proceeding with the rapidity stated by the plaintiff's witnesses he was violating a statute of the Commonwealth. The Act of July 7, 1913, prohibits any person from operating a motor vehicle on the public highway of the State at a rate of speed greater than is reasonable and proper having due regard to the width, traffic and use of the highway or so as to endanger property or the life or limb of any person, or at a speed exceeding one mile in two and one-half minutes. The jury having found a verdict in favor of the plaintiff we may assume that the evidence offered in support of the action with respect to the defendant's conduct was credited. That amounted to a finding therefore that the defendant was engaged in an unlawful act which produced the injury complained of. It is earnestly contended on behalf of the appellant that the preponderance of evidence supported the appellant's contention that he was proceeding at a moderate and reasonable speed and that the accident occurred wholly through the carelessness of the plaintiff, but the matter of the weight of the evidence and of the credibility of the witnesses was for the jury. The jury evidently considered the weight of the evidence to favor the plaintiff's claim. The learned trial judge who heard the witnesses and who was familiar with all the

facts disclosed at the trial declined to grant a new trial. We are unable to determine from an examination of the printed testimony that the plaintiff's witnesses were not worthy of belief and it is our duty to assume that the facts were as shown by the verdict in the absence of some evidence or circumstances conclusively showing another state of facts.

The testimony relating to the location of the plaintiff's team at the time he first saw the automobile and of his movements thereafter was contradictory. Whether when he saw the automobile he should have stopped to avoid the risk of a collision or could with prudence have undertaken to cross the road was a question of the exercise of a reasonable care under the circumstances which is always one for the consideration of the jury except in very clear cases. We cannot declare as a matter of law that it was an act of negligence on his part to drive into the highway from the lane when at the time his horses were at the side of the road the car was two hundred and fifty feet away. We consider the case one for the jury for the determination of the facts involved. The first and second assignments of error cannot therefore be sustained.

The third assignment, to use the language of the learned counsel for the appellant, "raises the question as to whether under the law of the road in Pennsylvania a traveler passing along a State or public highway, with a large automobile as in the case at bar, has the right of way, and whether one about to enter in or upon the said highway, from a private lane, with a team and wagon, at a point where there is no cross road intersection, must give way to the traveler already on the highway." This is said to be the main question involved in the case and it is urged that the courts of the Commonwealth should adopt a rule unbending and absolute as a measure of public policy for the protection of travelers on the public highways that the same degree of care in crossing on main and much-traveled highways be exercised as in

crossing on railroad tracks at grade. The law of the road has been frequently discussed in cases decided in this State and we think it may be regarded as settled that one who uses an automobile on a public highway has not a superior right as to the use of the road over a pedestrian or one who uses a vehicle drawn by a horse or other animal and that the fact that the highway is much traveled does not alter the rights of the travelers but merely calls for the exercise of greater care in proportion to increased risk. In Spangler v. Markley, 39 Pa. Superior Ct. 351, Judge ORLADY stated the law on the subject concisely in the following terms: "Automobiles are lawful means of conveyance and have equal rights upon the public roads with horses and carriages but their use must be accompanied with that degree of prudence and consideration for the rights of others which is consistent with safety." This principle is substantially incorporated in the Act of 1913. And in Dugan v. Lyon, 41 Pa. Superior Ct. 52, it was said that "Pedestrians and persons using vehicles of other types have equal rights with those who use self-propelling vehicles on public streets. A reciprocal duty of care exists among them." The application of the rule contended for would establish class distinctions not promotive of the public welfare nor consistent with the liberty and equality afforded by our institutions. It has not been demonstrated that the use of vehicles of various kinds on the public highways cannot be maintained without considerable risk and there is much evidence open to public observation that the danger which exists is largely attributable to the excessive speed at which some of the persons using the highways of the Commonwealth drive their automobiles. In the exercise of that care which the statute imposes and the public safety demands there would probably be little ground for the apprehension of danger. The only other assignment relates to the refusal of the court to withdraw a juror and continue the cause on account of improper remarks of the plaintiff's counsel in his order to the jury. It does not

appear that any request was made to have the stenographer take down the objectionable remarks immediately after they were made and there was no refusal of the court to permit them to be put on the record as the court understood them to have been made. The statements of the defendant's counsel as to what was said were contradicted by the plaintiff's attorney in material respects and there is neither a record nor a finding of fact by the court as to what was said. The statements alleged to have been made and not denied are not of such serious import as to justify a reversal of the case in view of the instructions of the trial judge and the amount of the verdict. It is evident they were not of such an inflammatory character as to mislead the jury if indeed they were of such importance as to be characterized as inflammatory. After an examination of the whole case we have reached the conclusion that this assignment also should not be sustained.

The judgment is affirmed.