## Patterson *v.* Pittsburgh Railways Company, Appellant.

*Negligence—Street railways — Pedestrians — Street crossings— Collision—Contributory negligence—Case for jury.*

In an action against a street railway company to recover damages for the death of plaintiff's husband, it was held that the case was properly left to the jury, and a verdict for the plaintiff was sustained, where there was testimony, although contradicted, that deceased was killed through being struck by a trolley car of the defendant company while he was attempting to cross its tracks at a public crossing; that, when within two or three feet of the near rail of the track, he looked in the direction of the approaching car; that the car was then between eighty-seven and two hundred feet distant from him, that the motorman was not looking ahead; that no bell was rung, nor did the motorman slacken the speed of the car, and that the deceased had almost cleared the track when the accident happened.

Argued Oct. 9, 1917. Appeal, No. 47, Oct. T., 1917, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1916, No. 351, on verdict for plaintiff, in case of Pocahontas Patterson v. Pittsburgh Railways Company, a corporation. Before MESTREZAT, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband.

Swearingen, J., filed the following opinion:

This was an action by the widow of William N. Patterson to recover damages for his death, which she alleged was caused by the negligence of the defendant. Near the place of the accident, Frankstown avenue runs in an easterly direction, and Everett street crosses it at right angles; and at the time of the accident the street stopped at the south line of the avenue. Upon the avenue, the defendant operates a double track line of railway. The crossing for pedestrians over the avenue is on the easterly side of Everett street. The parties differed as to the place where the accident occurred. According to the plaintiff the deceased was struck by a street car which was running westwardly on the westbound track, and he was carried by the car across Everett street and beyond, a distance of about fifty feet. According to the defendant, the deceased was struck west of Everett street, he having walked against the car while the motorman was endeavoring to stop it. But there was practically no dispute as to the place where the car stopped and he was found. He was dead when his body was extricated after the car had stopped.

Briefly, the plaintiff's testimony established the following state of facts: About six o'clock p. m., the deceased was on his way home from work. He was for a few minutes on the northeast corner of the intersecting streets in conversation with an acquaintance. He left the curb, and proceeded south on the crossing provided for pedestrians, the distance from the curb to the westbound track being about ten and a half feet. When within two or three feet of the near rail he stopped and looked eastwardly. The witnesses differed as to where the car then was. One said it was "coming around Paulson avenue" curve, which was not less than two hundred feet, while others placed the front of the car at Lawler's saloon, which was eighty-seven feet east of where the

deceased was when he looked. The speed of the car was from seventeen to twenty miles per hour. While running from Lawler's saloon to Everett street, which was a descending grade, the motorman "was turned half way around, trying to get something," and therefore not looking ahead. He rang no bell, nor did he slacken the speed. The deceased had almost cleared the westbound track when the accident happened. The lower part of his left leg was struck by the corner of the fender next to the south rail, and he was whirled around and thrown upon the fender, upon which he was carried and bumped until after passing over Everett street, and he was then cast under the car and was crushed. This testimony, if believed, certainly justified a finding that the defendant was negligent.

The defendant's testimony showed the accident occurred at an altogether different place, as before stated. It also showed that the speed of the car was about the ordinary, which was not more than ten miles per hour, and that the bell was rung and the speed slackened. Substantially all of the testimony upon which the plaintiff relied to establish negligence was denied. And this testimony, if believed, would have equally warranted a finding that the defendant was not negligent.

There is no doubt, therefore, that the question of the defendant's negligence, was for the jury. But the defendant bases this motion upon the ground that the deceased was guilty of contributory negligence. It alleges that the testimony so clearly shows such negligence that the court should declare it as matter of law, and set aside the verdict of the jury. It argues that, when the deceased looked, he must have learned what the plaintiff's witnesses stated, viz: that the car was near him and was approaching at a dangerous rate of speed, and that he, therefore, voluntarily took the chance of crossing in safety, but was caught. Hence no recovery can be had. Is this proposition correct?

The plaintiff starts with the presumption that the de-

ceased was duly careful of his own safety. If her testimony was believed, he was upon a public crossing, a part of the street where he had a lawful right to be, and of which the defendant was obliged to take notice. Before attempting to cross the track, he stopped and looked toward the car, and this was just the place where, under the law, he was obliged to take that precaution. He was warranted in assuming that the car would approach the crossing with due care. He was under no obligation to assume that the motorman would not attend to his duty. Would he necessarily learn what the witnesses did, as to the speed of the car? It must be remembered that his angle of vision was measurably different from theirs. He was looking at the front end of the car and his background was the open street. They were observing the car from the side of a wide street with different backgrounds. Can it, therefore, be inferred as matter of law that he learned what they did as to the rate of speed? Ordinarily all inferences are to be drawn by the jury, and it is only when but one inference can be drawn that the court must relieve the jury of the duty.

In view of the foregoing, we are of opinion that we cannot declare as matter of law that the deceased acted so carelessly as to constitute contributory negligence. We cannot say that he deliberately walked into a moving car and was immediately struck. In our view, his conduct, whether or not he acted with ordinary prudence in attempting to cross the street under the circumstances, was a question of fact for the jury and not one of law for the court. The case is similar to that of Henderson v. United Traction Co., 202 Pa. 527; see also Raulston v. Philadelphia Trac. Co., 13 Pa. Superior Ct. 412.

It follows from what has been said that the defendant's motion must be refused.

Verdict for plaintiff for $4,000 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for

defendant and in refusing to enter judgment for defendant n. o. v.

*Craig Smith,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.

*Thomas L. Morris,* with him *L. K. & S. G. Porter* and *John F. Gloeckner,* for appellee.

PER CURIAM, January 7, 1918:

The judgment is affirmed on the opinion of the learned court below refusing the motion for judgment non obstante veredicto for the defendant.