# Donovan *v.* Philadelphia Rapid Transit Co., Appellant.

*Practice, C. P.—Judgment n. o. v.—Evidence—Oral evidence—Inference.*

1. In deciding whether judgment should be entered non obstante veredicto, all the evidence and inferences therefrom, favorable to the party having the verdict, must be accepted as true, and all which are unfavorable, if depending solely on oral evidence, must be rejected.

2. A judgment will not be sustained if based upon a fact or a series of facts which cannot possibly be true.

*Negligence—Street railways—Crossings—Control of vehicle.*

3. On approaching the crossings on public streets, prepared for and used by pedestrians, all drivers must be highly vigilant and retain such control over their vehicles as to enable them to be stopped on the shortest possible notice.

*Evidence—Experts—Opinions.*

4. The court below cannot be reversed for overruling an offer to prove, by an expert, a matter of simple arithmetic, which could be answered just as well by one who is not an expert.

5. A question which seeks to obtain an expert opinion regarding the length of time a particular vehicle would take in traveling a given distance, must set forth all the elements, human and otherwise, which may in any way affect the subject-matter of the question.

*Appeals—Assignments of error—Two exceptions.*

6. An assignment of error which contains two exceptions is bad under the rules of court.

Argued January 17, 1922. Appeal, No. 209, Jan. T., 1922, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1916, No. 390, on verdict for plaintiff, in case of Mary A. Donovan v. Philadelphia Rapid Transit Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before ROGERS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $8,000. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence, appearing by the opinion of the Supreme Court, and refusal of judgment for defendant n. o. v., quoting record.

*Russell Duane,* with him *Daniel J. Shern,* for appellant. —Absence of warning was not a factor and was not proven: Tolson v. P. R. T. Co., 248 Pa. 227; Harper v. P. R. T. Co., 258 Pa. 282.

The motorman had an undoubted right to believe that between crossings pedestrians would recognize the superior right of travel in the trolley car: Gavin v. P. R. T. Co., 271 Pa. 73; Bergin v. Transit Co., 263 Pa. 559.

A practical test to be applied is the rule of Lessig v. Transit & Light Co., 270 Pa. 299; Hill v. Transit Co., 271 Pa. 232.

*Eugene Raymond,* with him *John Martin Doyle,* for appellee.—Contributory negligence was properly for the jury: Cohen v. Ry., 211 Pa. 227.

OPINION BY MR. JUSTICE SIMPSON, February 20, 1922:

Defendant operates a trolley line, the cars of which run southwardly on Front Street in the City of Phila-

delphia, and curve into Catharine Street, on which they run westwardly; the crossing of the latter street being located at some distance from Front Street, in order that pedestrians may cross far enough from the corner to enable them and the motorman of any trolley car rounding the curve, to see each other and avoid a collision. While using the crossing, plaintiff was struck by one of defendant's trolleys, and recovered a verdict and judgment for the injuries she sustained; defendant appeals.

Appellant admits that if plaintiff's testimony is true, she did all she was legally required to do in the matter of looking and listening before committing herself to the cartway of the street and before crossing the track; but urges that, if this be so, it was physically impossible for the accident to have happened in the way she states; and therefore asks us to enter judgment for defendant non obstante veredicto, because no judgment should be sustained, the basis of which is a fact or a series of facts which cannot possibly be true: Lessig v. Reading Transit & Light Company, 270 Pa. 299. If the testimony in this case justified us in so doing, we would unhesitatingly comply with this request, for the necessity of such a principle has become increasingly evident. The constitutional provision relating to trial by jury admonishes us, however, that in deciding matters like these we must accept as true all the evidence and inferences therefrom favorable to plaintiff, and reject all those, depending solely on oral testimony, which are unfavorable to her: Mountain v. American Window Glass Co., 263 Pa. 181; Geiger v. Garrett, 270 Pa. 192.

Considered from the standpoint stated, the record discloses the following facts: At the time of the accident, one of defendant's trolley cars, in which plaintiff was a passenger, stopped on Front Street near the corner of Catharine, the exact point not being stated. Plaintiff alighted and walked in her natural gait along Catharine Street to the crossing above referred to, stopping and looking before she entered the cartway, again while she

was between the curb and the trolley track, and the third time while she was between the rails of the track, on all three occasions seeing the trolley car still standing at its original stopping place; and after she had walked a distance of at least three feet beyond the far rail of the track, she was struck by the overhang of that car as it rounded the curve, though she was in plain view of the motorman, who was watching a crowd in the street instead of the track in front of his car. The space between the rails is 5 feet 2 inches, the overhang of the car is 4 feet 2 inches, and the distance from the usual stopping place on Front Street to the crossing stones on Catharine Street is 46 feet 6 inches. Several of plaintiff's witnesses stated, on cross-examination, that the car was moving slowly, but no one said how slowly, or gave any testimony from which, by comparison, the speed could be determined; and the motorman and conductor, though called as witnesses, said nothing in regard to it, not even stating that the car was moving slowly or the motorman acting carefully, despite his especial duty to do so, because approaching a crossing. At the time of the accident there were several hundred people in the street, resulting from the adjournment of a largely attended labor meeting in the immediate vicinity, and the gathering, at a house adjoining the crossing, of a society which had met there for the purpose of showing respect to the memory of a lately deceased member. How many of these people were on the sidewalk and how many in the street, were matters of dispute, but a large number were using the crossing, both coming or going, during the time plaintiff also was using it.

In addition to the absence of evidence regarding the actual or probable speed of the trolley car, it was not shown how fast plaintiff walked at that time or when going at her natural gait. Defendant's counsel in the questions he asked, assumed it to be about two miles an hour, and for the comparison about to be made we also will take this for granted. We will assume likewise, as

the jury might have done, that the trolley car was traveling at the rate of ten miles an hour, since defendant did not clarify the situation, though it had the burden of proof of establishing all the relevant facts, if it wished to have the case taken from the jury because plaintiff's story was impossible. At two miles an hour it would require three seconds to travel the 9 feet 4 inches, from the near rail to the outside of the overhang of the car; at ten miles an hour a trolley car would also require but three seconds to travel the 46½ feet from the usual stopping place on Front Street (if we assume for defendant's sake the car stopped there) to the crossing on Catharine Street. Hence, if the car started immediately after plaintiff last looked, it would have been possible for the overhang to have struck her before she got out of its reach, and the rule of physical impossibility cannot be applied, even though we should think her testimony improbable, which was a matter for the jury and not for us.

What we said in Armstrong v. Consolidated Traction Company, 216 Pa. 595, 597, is therefore applicable: "The weakness of his [plaintiff's] case is that between the time he looked at the Seventh Street car and the time he was struck by it, it must have moved from a full stop sixty-five feet on a curve [at the rate of 39 miles an hour], and during this time he had only to glance in another direction and walk about twelve feet. It is highly improbable that his recollection was accurate as to all the facts detailed and that the accident happened in the way described by him. It is not, however, impossible that it happened in this way, and the court would not have been justified in withdrawing the case from the jury on the ground that he stepped in front of a moving car which he either saw or should have seen."

We may add, also, that the heedlessness of the motorman is wholly inexplicable, even on his own showing. Under the circumstances shown by the evidence in this case, the motorman was bound to be highly vigilant and maintain such control that, on the shortest possible

notice, he could stop his car and prevent injury to the pedestrians using this crossing; yet he was so inattentive he struck plaintiff,—who was admittedly on the crossing, either between the rails or just beyond the outermost one,—dragged her some twenty-five or thirty feet, and now says he did not even see her or know she was under the car, until the excited onlookers hammered on the windows and told him what he had done.

It is also contended that the court below erred in refusing to allow an expert witness to testify how many feet would be covered in a given time by a woman walking at the rate of two miles an hour. The court below might well have admitted this evidence, but cannot be convicted of error in not doing so. Any one understanding arithmetic, could as well have answered the question as the witness, and hence it was not a case for expert testimony.

The only other assignment alleges error in not permitting defendant to show by experienced motormen what length of time it would take a car of the type of the one which struck plaintiff, to round a curve and go 45 feet or 46 feet 6 inches. This assignment might well be dismissed because it contains two exceptions, in violation of the rules of court; but it falls also for the reasons stated by the trial judge, that it does not refer to the movement of the particular car which caused this accident, nor take into account the many elements, human and otherwise, which are necessary to be considered in order to make the answer of any value. It is, of course, possible that cars of this type may start at the same rate of speed, but it is equally certain that the speed subsequently acquired depends on the amount of current which the trolley wire carried at the time, and the manner and extent to which it was applied in driving the car, as well as the control which the motorman then exercised over it. He might have supplied the missing links, or indeed have fixed the speed with reasonable exactness, but he was asked nothing in regard to the matter, though

the fact of the accident, known to him at the time, should have caused the attending circumstances to be indelibly impressed on his mind.

The judgment of the court below is affirmed.