## Williams v. Lehigh Traction Co., Appellant.

*Negligence—Street railways—Pedestrian crossing behind automobile bus between intersections—Contributory negligence—Case for jury.*

1. Under the peculiar circumstances of this case, it was held that a pedestrian struck by a street railway car at night after having passed behind an automobile bus between intersecting streets, was

entitled to have his case go to the jury: Gavin v. P. R. T. Co., 271 Pa. 73, distinguished.

2. Drivers of automobiles, street cars and other vehicles are not required to exercise a higher degree of care in passing auto or jitney busses loading or unloading passengers between regular crossings on the thoroughfares, than in passing pedestrians. The same degree of care is required of them as that taken against mishaps or pedestrians intending to cross a highway between or at crossings.

Argued April 12, 1922. Appeals, Nos. 362, Jan. T., 1922, by defendant, from judgment of C. P. Luzerne Co., March T., 1919, No. 572, on verdict for plaintiff, in case of Annie Williams v. Lehigh Traction Co. Before MOSCH-ZISKER, C. J., FRAZER, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before A. B. SMITH, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Error assigned* was order refusing judgment for defendant n. o. v.

*John H. Bigelow,* with him *Charles B. Lenahan,* for appellant, cited: Fuher v. Coal Co., 272 Pa. 14; Lessing v. Transit Co., 270 Pa. 299; Blaney v. Traction Co., 184 Pa. 524.

*Frank A. McGuigan,* with him *John R. Sharpless,* for appellee, cited: Joyce v. R. R., 230 Pa. 1; McCracken v. Traction Co., 201 Pa. 378; Tompkins v. Traction Co., 3 Pa. Superior Ct. 576; Kaselicska v. Ry. Co., 220 Pa. 43.

OPINION BY MR. JUSTICE KEPHART, June 24, 1922:

On the night of November 26, 1918, David Williams, with two others, wished to board an automobile bus that had stopped between street crossings. It was crowded

and they were told to wait until the next trip, when they would be taken to their destination. The bus started, deceased and his companion walking to the rear of the car on their way to reach the sidewalk. As they stepped from behind the automobile to the single track street car line, they looked up and down the track; seeing nothing, they proceeded to cross single file. The track was straight, and, by daylight, the view would have been unobstructed for nearly a thousand feet. A street car, coming up a slight grade, was rapidly approaching without headlight or other signal light, and the illumination from within was to a large extent obscured by a partition between the motorman and the passenger compartment. The night was dark and very stormy; the wind was high. Coincident with the rapid approach of the street car was the noise from the starting automobile bus. The latter was but a few feet from the men when it was passed by the street car. David Williams was struck when about the middle of the track, dragged some distance, and died as a result of his injuries.

The rule as to the right of pedestrians to cross or be in the cartway of a street between crossings was stated in Gavin v. P. R. T. Co., 271 Pa. 73, 74, and need not be repeated here. Had this accident occurred when it was light enough to see, we would have no hesitancy in declaring the conduct of deceased and his companions grossly negligent.

We are not impressed with the suggestion that drivers of automobiles, street cars and other vehicles must exercise a higher degree of care in passing auto or jitney busses loading or unloading passengers between regular crossings on our thoroughfares than in passing pedestrians. The same degree of care is required of them as that taken against mishaps to pedestrians intending to cross a highway between or at crossings. Ordinarily, drivers of street cars or automobiles, traveling on a highway between street crossings, are not bound to anticipate that persons will step in their path from behind such

carriers; nor, ordinarily, are they required to so control their cars that they can be stopped at a moment's notice alongside of such bus that may be standing on the highway. All accidents may be avoided by receiving and discharging passengers from and to the curb. It would be a wise act if municipalities, desirous of public safety, should require the same regulations for autobus carriers, in this respect, as for street cars,—to stop only at regular street crossings. It is a matter for the judgment of the municipal authorities, upon which they have ample authority to legislate.

But here we have an accident happening at a late hour, and, as stated, during a dark stormy night, with a street car traveling without head or signal light to warn of its approach, and without any other precautionary means to give such notice. These circumstances, together with the noise from the departing automobile bus, present a case for the jury to consider both as to defendant's negligence and the contributory negligence of Williams. The speed at which the street car traveled between crossings was not negligence, nor was the absence of warning by bell.

We affirm the court below solely on the concurrence of facts as here outlined: see Kaselicska v. Pittsburgh Rys. Co., 220 Pa. 43, 44, and Patterson v. Pittsburgh Rys. Co., 260 Pa. 214, 217.

There is nothing in this case to show indisputable physical facts from which the court could demonstrate plaintiff's story to be false. The absence of a headlight was well established by the evidence; it was not denied the night was dark and stormy, and the motorman, apparently, did not see the bus until he was "on top of it."

Defendant urges the light from within the car should have filled the requirement of notice. We cannot so decide; part of it was obscured from the front, and plaintiff's testimony is adverse to such conclusion. With the ordinary light, not intended as a reflecting headlight or

signal, it would be quite difficult to determine whether the street car was stationary or moving, close or far away. This, however, was for the jury.

The judgment is affirmed.