Richter *v.* Philadelphia Rapid Transit Co.,
Appellant.

Argued October 15, 1929.

Before PORTER, P. J., TREXLER, KELLER,
LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Richardson Dilworth,* and with him *John J. K. Caskie,* for appellant.

*Herman Eisenberg,* and with him *Herman A. Becker,* for appellee.

OPINION BY LINN, J., November 18, 1929:

Plaintiff's half-ton Ford truck was struck by a northbound trolley car before the truck completed a crossing of the northbound tracks in making a left turn from Ansbury Street into Fifth Street in Philadelphia. Ansbury Street is 36 feet wide between curbs; Fifth Street is 50 feet between curbs and contains both northbound and southbound street car tracks. The distance from the westernmost rail of the southbound track to the easternmost rail of the northbound track is 14.88 feet, the distance between rails being 5.19 feet with a "dummy" of 4.5 feet between the tracks. The sidewalks on Fifth Street are 12 feet wide. Plaintiff drove east on Ansbury Street at the rate of about 12 miles an hour and when he reached the house line of Fifth Street he looked to the right and saw a trolley car moving northward "about a block" away. On his left, he saw a truck coming southward on Fifth Street. He testified that he looked a second time "as [he] started across the southbound track" when he saw the trolley car, which "he judged" was "about a half a block away or a little more than that." He describes a third look "just before [he] reached the northbound track" and says that then the trolley car was "about a half a block away." Asked to state how long "half a block" was, he replied, "I don't know. I judge between 100 and 150 yards away anyhow." Asked whether he meant "anywhere from 300 to 450 feet" he replied that he did. He states that he "went between 10 and 15 feet between the last time [he] looked and the time [he was] 'hit';" that he was in low gear

and "not going over 3 or 4 miles an hour because of the condition of the street." His truck was "pushed 10 or 15 feet," by the street car. That is the testimony most favorably supporting the verdict as we must take it in considering the contention that the court should have entered judgment for the defendant n. o. v.

The defendant's evidence, which was considered by the jury, and which we must also consider to the extent that it favorably supports the verdict, places the northbound street car much closer to the plaintiff's truck when driven over the northbound track than plaintiff's evidence states. It was, of course, the duty of the jury to find the fact,—to determine what that distance was, —in the light of all the evidence offered by both sides, and having found the fact, to find whether the parties exercised appropriate care in the circumstances. It may well be that the jury concluded that the northbound car was not 300 feet away (as the plaintiff said) when he turned into the northbound tracks, but that it was not as close to Ansbury Street as defendant's witness testified.

Appellant contends that "incontrovertible mathematical tests or physical facts" show that plaintiff's account of the collision cannot be true, and cases are cited in which that principle was applied. It is the duty of the defendant who wishes to apply that principle to see that all relevant facts necessary for its application are established: Donovan v. P. R. T. Co., 273 Pa. 152, 156. The tests that appellant would apply, fail for lack of evidence to support them. Plaintiff looked before entering on the northbound track to cross; making a left turn, he was crossing the tracks diagonally and in order to get his truck in the clear, he might have to travel 25 or 30 feet. The truck was struck "in the rear;" "the right rear wheel and fender were smashed ......" At the rate of 3 miles an hour

that would take him,—say six or seven seconds; if the street car was approaching, "coming down hill," at the rate of 30 miles an hour, which is by no means an impossible speed, it may have reached the plaintiff's truck though it had to travel almost 300 feet in time to strike it. The defendant called a witness from the city surveyor's office to testify to the widths of the streets, and might have proved by him exactly how long the square and the half-square south of Ansbury Street, are, but instead of doing that, defendant chose to leave the plaintiff's conjecture stand. We are therefore left without sufficient facts to apply the rule appellant would invoke, and agree with what the learned president judge of the court below said in refusing defendant's motion "that the merits of such a question are peculiarly within the province of the jury."

Judgment affirmed.