Lesutis *v.* Philadelphia Rapid Transit Company, Appellant.

Argued October 10, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*J. J. Tunney,* with him *Bernard J. O'Connell,* for appellant.

*Michael H. Egnal,* for appellee.

PER CURIAM, December 11, 1935:

We agree with the learned President Judge of the Court below, who tried this case, that, under all the evidence, the negligence of the defendant and the contributory negligence of the plaintiff were questions of fact for the jury and not of law for the court.

(1) The jury were amply justified in finding the defendant's motorman negligent. With an admittedly clear and unobstructed view of the crossing for at least ninety feet, he ran into and knocked down the plaintiff, a pedestrian, at the near or first crossing intersection, when the latter had almost cleared the trolley track, hitting him with the 'right front shoulder' of the trolley car. The car was apparently moving at a normal rate of speed,—it stopped within two or three feet after hitting the plaintiff; and the plaintiff was walking at his usual gait. Plaintiff must have been in full view of the motorman for some time before he entered on the track, and the motorman could easily have avoided hitting him if he had been looking, or had had his car under proper control. From these facts the jury were warranted in drawing the inference that defendant's motorman was negligent.

(2) The contributory negligence of the plaintiff is a closer question, but we agree with the court below that it was for the jury. When plaintiff was about to step from the curb into the roadway of the street he saw the trolley car about 160 feet away, approaching the intersection at an ordinary rate of speed. Before he entered on the first rail of the trolley track—which was ten feet five inches from the curb—he looked again

and saw the car about 60 feet away, and not accelerating its speed. Thinking he had time to cross safely he proceeded and was struck just as he was stepping over the second rail. The car track is five feet two inches wide.

We think the facts of the case bring it within the decisions of the Supreme Court in Wagner v. Phila. R. T. Co., 252 Pa. 354, 97 A. 471; Patterson v. Pittsburgh Rys. Co., 260 Pa. 214, 103 A. 547; Shields v. Phila. R. T. Co., 261 Pa. 422, 104 A. 665; Donovan v. Phila. R. T. Co., 273 Pa. 152, 116 A. 807, and kindred cases, rather than Clark v. Pittsburgh Rys. Co., 314 Pa. 404, 171 A. 886, on which appellant relies. In the last named case the trolley car had traveled over 300 feet while plaintiff was walking from the curb to the first rail of the nearest of two car tracks, and was only 70 feet away when he stepped on the track, and continued, without any stop, across the intersection. The speed of the trolley car in that case was such that the plaintiff ought to have known that he could not clear the track unless it stopped. It is that element of speed on the part of the trolley car, together with the fact that Clark could see that the car was not stopping at the intersection—he was hit on the far or second crossing of the intersection, while this plaintiff was hit on the near or first crossing of the intersection—, which distinguishes that case from this one and justified the submission of the present case to the jury.

Judgment affirmed.